IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALUCIOUS WILLIAMS, JR., ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:21cv00222 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CPT. GILBERT, *et al.*, ) | United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alucious Williams, Jr., a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, and he subsequently filed several documents with additional claims, an amended complaint, and motions to amend. By order entered February 3, 2022, the court ordered him to file a second amended complaint. (Dkt. No. 27.) That order explained that, in addition to satisfying other requirements, Williams's proposed complaint "must conform to the joinder rules," which were cited in a footnote. (*Id.* at 2 n.1.) The order further stated that if Williams failed to comply with the directions set forth in the order, the court would not accept the second amended complaint for filing.

When the Clerk failed to receive a timely submission from Williams, the case was dismissed. The court later granted a motion to reopen and granted Williams several extensions of time to comply. Williams again failed to file anything by the extended deadline of June 29, 2022. The court thus issued a July 8, 2022 show cause order, which directed him to respond within 21 days if he wanted to proceed with his amended complaint as the operative complaint. (Dkt. No. 42.) That order warned that, if he failed to file a timely response, his case might be dismissed. (*Id.*) After not receiving a response from Williams, the court again dismissed the case without prejudice on August 8, 2022, based on his failure to prosecute. (Dkt. No. 43.) Thereafter, both the show cause order and the court's dismissal order were returned as

undeliverable, and on September 28, 2022, the Clerk received from Williams a notice of change of address, along with a motion he has titled a "Motion to Set Aside Default Judgment" (docketed as a motion for reconsideration) (Dkt. No. 47), and a proposed second amended complaint (Dkt. No. 47-1).

In his motion for reconsideration, Williams includes a long list of complaints about his treatment, interference with his property, and other allegedly retaliatory acts against him by prison officials. He also alleges that that defendants purposefully interfered with his ability to file his second amended complaint. It is unnecessary for the court to address any of these allegations in order to rule on his motion. As is relevant here, his motion to reconsider explains that he was in transit for much of June, July, and August 2022, that he did not have his property for much of that time, and that he was not permitted to make copies of legal documents or mail anything for some of that time. He also asserts that, for at least some of that time, he was on a suicide watch and in special housing, and was not allowed any property whatsoever, including any legal papers.

Williams has shown a certain disregard for the court's deadlines throughout this litigation, but he also has provided reasons to account for at least some of his delays. For the several months in which he failed to file his second amended complaint and failed to respond to the court's orders, he was in transit and/or lacked access to his property, the mail, and/or legal copies. Given those facts, and especially in light of the preference for resolving cases on their merits, *see Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), the court will grant Williams's motion for reconsideration, will reopen the case, and will deem his second amended complaint timely filed.

Turning to a review of the second amended complaint, the court notes that it consists of more than 200 pages of handwritten allegations. Upon a careful review, moreover, it appears to

actually be ten separate complaints. Each one is labeled separately by number ("Complaint 1," "Complaint 2," etc.), names different defendants, and references different allegations or events.[1] Thus, it appears to the court that Williams, in attempting to comply with the court's rules concerning joinder, filed ten separate complaints. So construed, the first should have been docketed as a second amended complaint in this case, and what he has titled Complaints 2 through 9 should have been docketed in separate, new cases. The court will thus direct that the document be docketed in that fashion.

Even if Williams had not intended to file ten separate complaints, the court will sever the second amended complaint into ten separate actions because the document contains unrelated claims against different defendants, in violation of Federal Rules of Civil Procedure 18 and 20. Allowing all of them to proceed in a single suit would make that lawsuit unwieldy and inefficient. It also would effectively allow Williams to challenge various discrete events involving different defendants and different aspects of his incarceration in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act ("PLRA").

Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial review of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th

---

[1] The court has not carefully analyzed all the allegations in all the cases. There may be some overlap between cases, as well.

3

Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Accordingly, the court will exercise its discretion to sever Williams's claims into separate lawsuits, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, different portions of the proposed second amended complaint (Dkt. No. 47-1) shall be filed as the opening document in each of those lawsuits. Each of the nine new lawsuits will be conditionally filed, and Williams must separately consent to paying the filing fee in each lawsuit, in order for it to go forward.

                       CONCLUSION AND ORDER

In accordance with this Opinion, it is ORDERED as follows:

1. The motion for reconsideration (Dkt. No. 47) is GRANTED. This case shall be reopened to the active docket of the court.

2. The Clerk is DIRECTED to enter a new docket entry in this case, titled as the Second Amended Complaint, which will consist *only* of pages 1 through 37 of Docket No. 47-1. The Clerk shall also update the list of defendants in the case, to ensure that only those defendants listed on page 3 of the Second Amended Complaint are defendants in this action.[2] All other defendants should be terminated as parties. In a separate opinion and order to be issued in due time, the court will review Williams's 37-page second amended complaint to determine whether it complies with the court's

---

[2] The fourteen defendants to this action will be Cpt. Gilbert, Unit Manager Eric Miller, Unit Manager Amy Duncan, Unit Manager Gibson, Counselor D. Young, Lt. G. Adams, Unit Manager Day, Counselor Mullins, Correctional Officer Jones, Sgt. Clem, Sgt. Ridings, Lt. Flemming, Correctional Officer Gilbert, and Hearings Officer Counts.

prior orders and also pursuant to 28 U.S.C. § 1915A, in order to determine whether the case should be summarily dismissed or instead be served on the defendants.

3. The remainder of Docket No. 47-1 will be docketed in nine separate actions, each corresponding to a different complaint numbered by Williams. Specifically, the Clerk shall open nine new cases, corresponding to the page numbers listed below of Docket No. 47-1.

   A. In each new case, only the listed pages shall be included and conditionally filed as the complaint in each case, and only the defendants listed on the first page of each complaint shall be included as defendants. The complaint in each case shall consist of the following:

      1. Complaint 2, Dkt. No. 47-1, at 38–47;
      2. Complaint 3, Dkt. No. 47-1, at 48–142;
      3. Complaint 4, Dkt. No. 47-1, at 143–152;
      4. Complaint 5, Dkt. No. 47-1, at 153–162;
      5. Complaint 6, Dkt. No. 47-1, at 163–179;
      6. Complaint 7, Dkt. No. 47-1, at 180–190;
      7. Complaint 8, Dkt. No. 47-1, at 191–205;
      8. Complaint 9, Dkt. No. 47-1, at 206–218; and
      9. Complaint 10, Dkt. No. 47-1, at 219–226.

   B. In each of the nine new civil actions, the Clerk also shall file a copy of this Memorandum Opinion and Order as an attachment to the amended complaint.

   C. In each of the nine new civil actions, the complaint shall be conditionally filed. In each new case, the Clerk shall docket Docket No. 7 from this case (Williams's statement of assets and prisoner trust account report), and shall send a consent-to-fee form with the same partial initial filing fee amount as in this case (*see* Dkt. No. 8). Williams shall be required to return the consent-to-fee form by the deadline set forth in each case to continue to pursue the claim(s) presented in that

action. Alternatively, he may notify the court that he wishes to voluntarily dismiss any particular action.

D. Williams should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit for failure to state a claim, whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Williams.

Entered: November 21, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge