IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALUCIOUS WILLIAMS, JR., ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 7:21cv00222 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CPT. GILBERT, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Alucious Williams, Jr., a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The case previously was dismissed—and then reopened—on two separate occasions. The most recent dismissal occurred after Williams had failed to file his second amended complaint by the court's deadline. In reopening the case after that dismissal, the court noted that the document Williams submitted as his second amended complaint in fact contained ten separate complaints. (Dkt. No. 50.) The court severed each of the complaints into a separate case, leaving the second amended complaint in this case as consisting of pages 1 through 37 of the document Williams submitted (Dkt. No. 47-1). The second amended complaint is now before the court for review.

I.  MISJOINDER

Notably, when the court permitted Williams to file a second amended complaint, it specifically directed that the new complaint "most conform to the joinder rules," citing to and explaining Rules 18 and 20. (Dkt. No. 27, at 1–2 & n.1.) The order also required Williams to "clearly state the name of each defendant and clearly explain how each defendant violated [his] federal rights." (*Id.* at 1.) It further explained to him that the court "will not accept a proposed second amended complaint that does not comply with this order and the Federal Rules of Civil Procedure." (*Id.* at 2.)

Clearly, and as explained in the earlier opinion entered by the court severing the document into ten cases (Dkt. No. 50), the 226-page submission by Williams did not comply with the court's directions. But even looking just at the severed complaint in this case (*i.e.*, pages 1 through 37), rather than the entire document Williams submitted, it still contains misjoined claims and defendants.

The allegations in his complaint span years, with the earliest reference being January 2013, and he describes numerous incidents on specific dates or during specific time-frames, such as a season or a month of a particular year. He appears to be alleging that there was a longstanding and far-reaching conspiracy designed to have him sent to segregation as much as possible and to have fines imposed as a result of disciplinary convictions in order to reduce his prisoner account. He also appears to be alleging that (mostly unspecified) defendants sought to ensure he would have altercations with other inmates by placing him in situations with gang members who had hits out on him, placing him near co-defendants, or otherwise encouraging animosity between him and other inmates.

Aside from these conclusory allegations of a conspiracy, however, there is no apparent connection between most of the incidents. And vague allegations of an overarching conspiracy cannot overcome the fact that the various incidents he references are unrelated, particularly where he had failed to adequately plead facts that support any agreement among the defendants. *See Ruttenberg v. Jones*, 283 F. App'x 121, 131–32 (4th Cir. 2008) (affirming dismissal of conspiracy claim where plaintiffs failed to plead facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try and accomplish a common and unlawful plan" and because "conclusory allegations of conspiracy" were insufficient) (citation omitted).

As explained in the court's prior order, Rule 20 allows joinder of more than one party "only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants." (Feb. 3, 2022 Order at 2 n.1, Dkt. No. 27 (citing Fed. R. Civ. P. 20).)  The claims Williams has listed do not all arise out of the same transaction, occurrence, or series thereof, nor do they contain a question of fact or law common to all the defendants.  Thus, his second amended complaint contains misjoined defendants and claims.  As a result, Williams has failed to comply with the court's order to file a document without misjoined claims and defendants.

Notably, moreover, this case was originally filed more approximately eighteen months ago, and still has not moved beyond the pleading stage.  That is almost entirely because of delays by Williams in responding to court orders and following the court's directions.  And once again, in filing his latest complaint, Williams has failed to comply with the court's instructions.  He has repeatedly been warned that his failure to comply with the court's instructions could result in the dismissal of his case, and was specifically warned that his second amended complaint would not be accepted unless it complied with the court's instructions.[1]  (Dkt. No. 27.)

Because Williams has failed to comply with the court's instructions regarding the filing of his second amended complaint, the court will not accept it for filing.  It thus need not sort through his complaint in an attempt to figure out exactly what types of claims he is bringing against whom, or based on what allegations.  Instead, the court will dismiss this case because of Williams's failure to comply with the court's orders.  *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (holding district court's dismissal of case for failing to comply with the court's

---

[1] The court also advised Williams that if he failed to file a second amended complaint, then the court would treat his amended complaint (Dkt. No. 5), without any additional documents, as the operative complaint. (Dkt. No. 27 at 5; Dkt. No. 36 at 2.)  Williams chose to file a second amended complaint, but it did not comply with the court's instructions.  Thus, dismissal is appropriate.  Even if the court were to treat the amended complaint as the operative complaint, though, it also contains misjoined defendants and claims.  (*See generally* Dkt. No. 5.)

directives was not an abuse of discretion, especially after the plaintiff received a warning).  As the *Ballard* court explained, particularly after giving a warning, the district court had "little alternative to dismissal" and "[a]ny other course would have placed the credibility of the court in doubt and invited abuse."  *Id.* at 96.  This is perhaps particularly true here, where the procedural history of the case reflects repeated delays and failure by Williams to satisfy court deadlines and comply with court instructions, which failures have already resulted in the court twice dismissing the case and subsequently reopening it upon Williams's requests.

For these reasons, the court will dismiss this case, although the dismissal will be without prejudice.  Williams may refile any claims that he has not included in his other complaints in a new, separate case, once he is prepared to comply with the court's instructions.

## II.  DISMISSAL OF CLAIMS ON MERITS

The court further notes that the vast majority of the claims in the second amended complaint are subject to dismissal for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. §§ 1915A(a), 1915A(b)(1) (requiring court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss any portion of the complaint that fails to state a claim upon which relief can be granted).  Williams's allegations fail to state valid claims for many reasons.

First of all, the complaint is not at all clear as to what claims are being brought against which defendants, or based on which factual allegations.  In Section VI of his complaint, he describes what he says are his "Legal Claims," presumably based on the prior pages of facts.  They are arranged by defendant, but contain vague references to general factual allegations and are not specific about which specific facts are being offered in support of which claim.  For example, as to defendant Gilbert, he states:

4

> Defendant Cpt. Gilbert by creating a culture of lawlessness and where it is acceptable to oppress plaintiff Williams and [illegible] by repeatedly placing plaintiff Williams in life or death situations in retaliation for filing complaints and a state tort against his blood relative. By refusing to transfer me out of the facility after I submitted a 10-page brief to the warden. By conspiring to commit an act of fraud, identity theft, forgery, extortion, and attempted murder. By deviating from the normal process of filing criminal charges in the Department of Corrections and seeking a grand jury indictment. By contacting plaintiff Williams [sic] attorney. By telling other offenders that plaintiff Williams is a sex offender, violating plaintiff Williams First Amendment right to redress the government for grievances and freedom of speech clause, Eighth Amendment right to be free of cruel and unusual punishment clause, and Fourteenth Amendment right under the Due Process Clause under the Life, Liberty, and property interest to the United States Constitution, causing plaintiff Williams pain, suffering, physical injury, and emotional distress.

(2nd Am. Compl. 30.) He includes similar descriptions of his "claims" as to each of the defendants. This is insufficient for the court—or for defendants—to determine what claims are being asserted against them or based on which facts.

Second, many of his claims are subject to dismissal because they are time-barred. *Cf. Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (explaining that a court may summarily dismiss a § 1983 complaint when it is clear from its face that a claim is barred by the applicable statute of limitations). A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, *see Owens v. Okure*, 488 U.S. 235, 239–40 (1989), which requires that an action be brought within two years of its accrual. Va. Code Ann. § 8.01-243(A); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years). Indeed, the first eleven pages of the second amended complaint describe events that occurred in 2018 or earlier, more than two years before he filed even his original complaint in this matter, in

April 2021.[2] And although the Fourth Circuit has held that equitable tolling applies to the period during which a prisoner is exhausting his administrative remedies, *Battle v. Ledford*, 912 F.3d 708 (4th Cir. 2019), nothing in Williams's complaint suggests that it took him a particularly long time to pursue his administrative grievances. Thus, many of his claims are time-barred.

Third, as to those incidents which are arguably within the limitations period (at least if they are assumed to relate back to his first complaint), many of his allegations also fail to identify with specificity which defendants were involved in which incidents. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Therefore, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Contrary to this pleading requirement, most of the allegations in Williams's complaint do not attribute conduct to any specific defendant.

As only one of many examples, Williams references a December 2019 incident in which he exchanged punches with another inmate, and he was given a disciplinary charge for simple assault. (2nd Am. Compl. ¶ 41.) He spent fifty-eight days in segregation as a result and complains the other offender, who had a knife, was returned to general population in two days. (*Id.*) Nowhere does he explain what any specific defendant did with regard to that incident or even what claim he is raising based on that incident. There are a number of similar allegations throughout the complaint. He repeatedly claims that he was assaulted by other inmates or had

---

[2] The court makes no determination as to whether his current claims relate back to his original complaint.

altercations with other inmates, and appears to be claiming that he was sent to segregation for excessive amounts of time as a result of many of these incidents, but he does not identify what role any of the named defendants played in most of these incidents or who sent him to segregation.

He also alleges that he asked to be moved to a different pod for his safety, and that request allegedly was authorized by defendants Miller and Adams. (*Id.* ¶ 45.) Despite their authorization, he was not moved. (*Id.*) Again, though, he does not attribute the failure to move him to any particular defendants. So, that claim also fails.

Fourth, even in the sub-category of claims that appear to be timely and where he references a defendant or defendants as having taken specific action, many of these fail to state a claim for which relief can be granted. For example, he complains of not being placed in the "STARS program," but there is no constitutional right to participate in a certain program or programs while incarcerated. *Pevia v. Hogan*, 443 F. Supp. 3d 612, 634–35 (D. Md. 2020) (collecting authority). He also complains of not being transferred to a different facility or placed at a particular security level, but there is no constitutional right to be housed in a particular facility or pod within a facility. *Id.*

Similarly, Williams's due process claims appear to be based on actions taken during numerous disciplinary proceedings, but he has not alleged facts as to the precise punishments he received, as to plausibly plead that a constitutionally protected liberty or property interest was even involved, so as to trigger due process protections. *See Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015) (explaining that to state a procedural due process claim, a plaintiff must first "identify a protected liberty or property interest"); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only in the inmates establish a constitutionally protected liberty [or property] interest.").

For all of these reasons, the vast majority of his claims are subject to dismissal. Even if there are a few that are not, Williams is not entitled to a claim-by-claim review of his entire filing because—as already discussed—his submitted complaint contains misjoined claims and defendants and thus violates the specific directives of the court.

### III.  CONCLUSION

For the foregoing reasons, this action will be dismissed without prejudice. An appropriate order will be entered.

Entered: November 21, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge